# MULLADY EXHIBIT

1

# Gerard W. White

**From:** tatankalady@gmail.com on behalf of Taunia Kittler <tatankaland@earthlink.net>
**Sent:** Friday, June 26, 2015 9:45 AM
**To:** Mullady, Thomas (Pantaenius)
**Cc:** Chris Kittler; Kittler Pat; Jennie Minor
**Subject:** Re: Pantaenius America- Hull Claim 02-2015-000134- Grounding- Panama Canal

Good morning Mr. Mullady,

I received your email late yesterday evening. I apologize for missing your call, but I was on the phone with the Lieutenant and a gentleman who has been acting as translator/ body guard for us during this horrific situation. I called you back but your office had just closed. The hotel pone number is 507-304-9512 fax 507-304-9596, and Jennie Minor's phone number is 954-663-7976.

I am currently at the Courtyard Marriott in Panama City, accompanied by my daughter, my father and Captain Jennie Minor. Rooms 420 &410. We have been working with the Coast Guard, the Naval air division, government officials and a local Salvage company trying to manage the Galilea. At this point we will remain here until I can possessively assure the safety and salvage/repair of my vessel, establish a dry spot for it and confidently know that the task of this has been assumed by someone I can trust. We are available to meet with your surveyor at any time. Sooner the better, as you know I have my 11 year old daughter with us she has been traumatized severely as have we and we all an need to return to our home and country.

While at dock in St. Augustine Florida we reviewed Pantaenius yacht insurance online looking to shop cost and compare insurance. Just as we do for all our assets on a yearly basis. My husband submitted to receive a quote for the coverage of our SCAT Privilege 615. The next day on May 7th 2015, my husband Chris Kittler received an Insurance Quotation 21124282 from Andrea Giacomazza, which he in turn forwarded to me. We reviewed the benefits of a policy with Pantaenius, and compared the advantages of insuring with your company to other insurers and decided to proceed with filling out the application. My husband communicated to Andrea that we would get the application filled and sent over to her very soon.

On May 11th and 12th Andrea called us on my cell phone to check on our progress. I explained to Andrea that the application was filled out but because we were off shore in route to San Diego, and did not have Internet on board except when we were in port; I had not been able to send it to her. I told Andrea that I would go get a printer in Puerto Rico, scan the document and email it to her. Once Andrea got the signed application she
had a couple more questions. Rather than struggle with email again I called Andrea on the phone to answer her questions. Once again telling her that we were only in port for a short time continuing on to our final destination of San Diego explaining the missed calls. Andrea said that she understood and thought she had all the information that she needed and would get right on arranging coverage. Two days later we received the Pantaenius Insurance Policy 21124282 documenting coverage from underwriter, Lisa Munz.

As you can see with all the discussion about WiFi availability, being in route to San Diego, arriving in Puerto Rico, purchasing a scanner/printer; it is impossible to suggest that you were not informed of the vessel's relocation plan from Florida to San Diego.

I also have the receipts to verify the purchase of the printer scanner in Puerto Rico as well as photos of the screen shots showing the time and date of the phone calls to and from Andrea.

I am in the process of filling out your claim form but since it is not an online fallible form, I am faced with the same problem of printing and scanning the document. I hope that you will accept a typed version of the answers to your question in a standard email and not on your letter head.

On Thu, Jun 25, 2015 at 5:33 PM, Mullady, Thomas (Pantaenius) <TMullady@pantaenius.com> wrote:

Dear Mrs. Kittler:

We acknowledge receipt of your email this date, June 25, 2015.

Please note that I left you a voicemail this afternoon (4:22 PM) prior to receipt of your email, in which I was calling to determine where you and your delivery captain, Jennie Minor, are currently located, and how long you both will remain in your current location. We are requesting this information as we find it appropriate for our claims investigation to appoint an independent marine surveyor or investigator to conduct an interview as soon as possible with you and Captain Minor concerning this loss.

With respect to the statement in your email attached below that, "[t]he journey of necessity included traveling through this area and was notified to you in our application for insurance and otherwise", we have checked our records and with our underwriters and can find no mention of your vessel being located in Florida or intending to travel from Florida to California or navigating anywhere out of the prescribed limits in the policy. The only indication we have in our records for requested navigation areas is within the navigational limits stated in the policy. These limits are stated in the various policy documents including but not limited to the applications you submitted and the insurance quotation and binder. If there is a particular document or correspondence in which you believe you "notified" us that you intended to take the vessel outside the policy navigation limits for any purpose, please provide us with a copy of that document as soon as possible so that we may give it due consideration.

Also, please find attached our claim form which you will need to sign, complete, and submit back to my attention.

As we advised in our June 24, 2015, Reservation Of Rights email notification, which is incorporated as if fully set forth herein, we continue to reserve all rights, exclusions, and defenses available under the policy and/or law.

Best regards,

**Thomas Mullady | Claims**

**Pantaenius America**

**500 Mamaroneck Avenue | Harrison, NY 10528 | United States of America**

**Phone: 914-381-2066 | Fax: 914-381-2052 | www.pantaenius.com**

**This electronic transmission is strictly confidential and intended solely for the addressee. It may contain information which is covered by legal, professional or other privilege. If you have received this transmission in error, please notify us and delete the received data as soon as possible. This footnote also confirms that this email message has been swept for the presence of computer viruses.**

Coverage is not considered bound or amended by Pantaenius America until you have received a Binder, Policy, or Endorsement evidencing your request.

**From:** tatankalady@gmail.com [mailto:tatankalady@gmail.com] **On Behalf Of** Taunia Kittler
**Sent:** Donnerstag, 25. Juni 2015 16:28
**To:** Mullady, Thomas (Pantaenius)
**Cc:** Kittler Pat; Chris Kittler
**Subject:** Re: Pantaenius America- Hull Claim 02-2015-000134- Grounding- Panama Canal

Dear Mr. Mullady, we have received your email of June 24, 2015, regarding our claim for past, present and anticipated damage done in the grounding of SCAT Galilea near Colon, Republic of Panama while on its journey to San Diego, CA. The journey of necessity included traveling through this area and was notified to you in our application for insurance and otherwise. The occurrence did not involve a new material risk. Running up on unmarked rocks could have happened anyplace. The inclusion of a professional captain was in accordance with prudent practice and the requirements of the insurance contract concerning crew.

Thank you,

Taunia Kittler

On Wed, Jun 24, 2015 at 4:40 PM, Mullady, Thomas (Pantaenius) <TMullady@pantaenius.com> wrote:

To the attention of Galilea LLC:

Dear Mr. Kittler:

This email constitutes an update and initial reservation of rights with respect to your verbal notification of claim by telephone today, June 24, 2015, at or around 12:15 PM., that your vessel, SCAT GALILEA, grounded in route to or from or otherwise near the Panama Canal on June 24, 2015.

It is our understanding from your notification and our further investigation that the vessel was under the operation and control of a paid delivery captain, Jennie Minor, who was taking the vessel from Florida to San Diego, California at the time of the grounding, and that members of your immediate family including your wife and daughter were also on board at the time. We have since received a call from Mr. Jordan McDonald of Titan Salvage, a salvage company that was contacted by Captain Minor and given our contact information to inquire regarding insurance coverage for salvage costs.

As a matter of immediate importance, please be advised that you are obligated to deal directly with any salvage

company and coordinate efforts to salvage your vessel. Pantaenius cannot coordinate the salvage efforts in this situation, and the insurers will not enter into any salvage agreement on behalf of the insured even if there is coverage for the loss, which is not guaranteed. Moreover, we must advise you that there may not be coverage for any of the costs, expenses, damages to the vessel, or third party liability resulting from this grounding or otherwise in connection with this loss, and we reserve all rights, exclusions and defenses on behalf of the underwriters in this regard. The reason for our reservation of rights is due to apparent breaches by the insured of terms, conditions, and warranties in the policy, including possible breaches regarding the navigational limits under the policy and material misrepresentations as to the scope of intended navigation of the vessel. Our investigation is underway, but not complete at this time.

Please take note of the following provisions of your Pantaenius America Yacht Policy, No. 21124282, for the period 12 May 2015 to 12 May 2016, specifically including, but not limited to the following provisions:

**A2(c)(ii):** Pantaenius may cancel this insurance policy under any of the following conditions:

### A2(c)(ii)(2): INCREASE IN RISK
If the insured risk has been materially increased, Pantaenius upon written notice to the named insured may cancel the policy effective thirty (30) days after Pantaenius has sent the notice.

### A2(d): NAVIGATIONAL LIMITS
The insurance coverage is effective only when the insured vessel(s) are within the "cruising area" specified on the declaration sheets. The cover includes any customary stay out of the water, e.g., at winter storage or shipyards including hauling out and launching. Coverage is provided for deviation outside of the navigational limits for emergencies, provided that such deviation is necessary to avoid casualty, prevent personal injury, or preserve human life.

### A7: DUTIES AFTER AN OCCURRENCE
The insured has the following duties after any occurrence that could result in a claim under sections B or C of this policy. Failure of the insured to comply with these duties allows Pantaenius to deny the claim for that particular occurrence and/or to cancel the policy.

**A7(d):** To provide Pantaenius with detailed and accurate reports, invoices, receipts, and other bills regarding the circumstances and damages of the insured event.

**A7(g):** As often as Pantaenius requires:

§ Allow inspections and testing of the damaged property; and
§ Provide Pantaenius with records and documents upon request; and
§ Submit to interviews and/or separate examinations under oath.

**A8(b):** The insured also warrants to exercise the utmost good faith in advising Pantaenius about all material facts concerning the insured, the insured vessel(s) and all other insured property at the commencement of the policy and throughout the insured period. Any failure to comply with this duty entitles Pantaenius to void coverage from the inception of this policy. All coverage under this policy will be voided from the inception of the policy if the insured intentionally conceals or misrepresents any material fact or circumstance relating to

4

this contract of insurance, or the application for this insurance. If the insured intentionally conceals or misrepresents any material fact or circumstance relating to a claim, whether before, during or after a loss or damage occurs, there shall be no coverage for that claim and Pantaenius may cancel the policy effective thirty (30) days after notice of cancellation is sent.

A8(c): The insured must act prudently as if they were self-insured. If failure to act as a prudent self-insured proximately causes or increases the damages or losses, there is no coverage to the extent that such failure causes or increases the damages or losses.

### A14: NOTICE OF CLAIM
All claims must be submitted in writing or electronically on a Pantaenius Claim Form and acknowledged by Pantaenius.

### B3(f): HULL AND LIFE SALVAGE COSTS
Coverage is provided for all reasonable expenses that the named insured incurs for a covered loss under this policy for any necessary measures to avoid or reduce injury to life and physical damages to or loss of the insured items, regardless of whether such measures are successful (the "Salvage Costs"). Salvage costs are in addition to agreed fixed value of the hull.

### C2(b): PAID CREW
The number of paid crew members shall be listed on the declaration sheets. There shall not be in service of the insured vessel(s) more than the number of paid crew members indicated on the declaration sheets at any one time during the insured period. If additional paid crew members are employed in the service of the insured vessel(s) at any time during the insured period, the named insured must give prior notice to Pantaenius and pay additional premium. If the named insured fails to give such prior notice concerning paid crew and there is a greater number of paid crew members in the service of the insured vessel(s) than is indicated on the declaration sheets, then the coverage is reduced to any insured person in the proportion of the ratio of the number of paid crew members shown on the declaration sheets to the actual number of paid crew members in the service of the insured vessel(s) at the time of any occurrence giving rise to a claim. When the insured vessel(s) is chartered with the agreement of Pantaenius, there is no coverage under this policy for paid crew unless so stated on the declaration sheets. Such coverage for paid crew shall be subject to all terms, conditions and notification provisions of the policy, including but not limited to this section.

The navigational limits of your coverage, per Section A2(d) of the policy terms quoted above and per the insured's application and request for coverage, are set forth in the declaration sheets as follows: Inland waters, bays and coastal waters east to 50 degrees West Longitude and west to 135 degrees West Longitude, and north to 50 degrees North Latitude, and south to 30.5 degrees North Latitude. However, at the time of the grounding the vessel was reportedly well south of 30.5 degrees North Latitude without our prior approval or without any prior indication to us that the vessel would be within these waters. In addition, no paid crew is authorized under your policy.

During our continued evaluation of your claim, we wish to advise you that all of your rights, as well as the rights of Pantaenius America Ltd., AGCS Marine Insurance Company, Torus Insurance Company, and Liberty Mutual Insurance Company, and their agents (collectively the "Company"), under the insurance policy are subject to a complete reservation of rights. The phrase "reservation of rights" means your rights, as well as the rights of the Company, under the above referenced policy are fully reserved, and any action taken during the investigation, evaluation and/or adjustment of your loss and claim will not prejudice any rights of either party whether those rights derive from the terms of the insurance policy or from any other source. In other words, neither the Company, by investigating, evaluating and/or adjusting the loss, nor you, by permitting it to do so, waive any right, provision, condition or exclusion under the above-referenced policy, whether specifically

referred to in this email or not.

The Company also reserves its right under the policy terms to request the submission of a sworn statement in proof of loss, to conduct examinations under oath, and to require you or your representative to produce documents for review by the Company's designated representatives. Further, the Company reserves its right to appraise the loss, if either you or the Company deems such procedure to be necessary, to determine the value of the loss.

The foregoing is not an admission of liability, is strictly without prejudice and all rights and defenses available under the policy and/or law are hereby reserved.

Best regards,

Thomas Mullady |Claims

Pantaenius America

500 Mamaroneck Avenue |Harrison, NY 10528 |United States of America

Phone: 914-381-2066 |Fax:914-381-2052 |www.pantaenius.com

This electronic transmission is strictly confidential and intended solely for the addressee. It may contain information which is covered by legal, professional or other privilege. If you have received this transmission in error, please notify us and delete the received data as soon as possible. This footnote also confirms that this email message has been swept for the presence of computer viruses.

Coverage is not considered bound or amended by Pantaenius America until you have received a Binder, Policy, or Endorsement evidencing your request.